TORRUELLA, Circuit Judge,
dissenting from the denial of rehearing en banc.
Fed. RApp. P. 35(a) provides that en banc rehearings are not favored unless “the proceeding involves a question of exceptional importance.” This Court has now denied en banc review in a case that not only involves a legal question of exceptional importance — this is the first case in the history of the First Circuit to have interpreted the Federal Death Penalty Act — but a moral question of exceptional importance: what process is necessary to deprive a man not only of his liberty and pursuit of happiness, but of his life.
This might simply be a difference in opinion as to what “exceptional importance” means. However, the recent history of this Circuit convinces me that it is not. This Circuit has recently granted en banc review to examine a credibility determination, see Castañeda-Castillo v. Gonzales, 488 F.3d 17 (1st Cir.2007) (en banc), the reasonableness of one defendant’s eight year sentence, United States v. Scherrer, 444 F.3d 91 (1st Cir.2006) (en banc), a dispute within this court over the interpretation of the Wiretap Act, United States v. Councilman, 418 F.3d 67 (1st Cir.2005) (en banc), and sundry other cases involving questions that are surely less important than one where a man’s life is in the balance.[1] This is not to suggest that it was improper for this Court to take those cases en banc — surely, it was not— but to point out that by comparison, this case is sufficiently important to rehear.
Indeed, it is not only imperative for the Court to take this case en banc to answer the ultimate moral question posed by this case, but also the many subsidiary legal questions. Our decision to not take this case en banc has deprived the full court the opportunity to decide such important questions as the following. When, if ever, may a court deprive a member of a religious order the ability and privilege of serving on a death penalty jury simply because the court believes that the religious order might be unhappy with the *57 member for having done so? May a jury impose the death penalty based on the “vulnerability” of a victim even if the defendant was unaware of such vulnerability? Should a jury vested with the awesome task of imposing the death penalty be asked to parse instructions on burdens of proof which are, by all accounts, confusing?
I do not mean to imply with these questions that I have prematurely concluded that the death penalty should not apply here. We may have well decided that Sampson was eligible for the death penalty after reviewing the evidence and hearing argument on these issues. However, this Court has decided that these issues are insufficiently important, and thus has deprived not only Sampson, but future death penalty litigants of the benefit of our collective judgment. I would have reheard this case en banc, and accordingly, I must dissent.

. See, e.g., United States v. Padilla, 415 F.3d 211 (1st Cir.2005) (en banc) (whether a court must specify the number of drug tests to which a defendant on supervised release will be subject); Savard v. Rhode Island, 338 F.3d 23 (1st Cir.2003) (en banc) (whether a municipal defendant would be entitled to qualified immunity for strip searches of people arrested for non-violent, non-drug related minor offenses); JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 59 (1st Cir.1999) (en banc) (deciding a question that “was never briefed or argued, either below or on appeal”).